**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILBERT AARON GRAY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MATTHEW SPRAGUE** | : | **NO. 13-1701** |
| **SUPERVIEWER REGIONAL COURT NUMBER** | : | |
| **32-1-30** | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                    **MAY 8 , 2013**

        Wilbert Aaron Gray filed this action pursuant to 42 U.S.C.
§ 1983, against Matthew Sprague and the "Superviewer Regional
Court Number 32-1-30." He asserts that his constitutional rights
were violated in connection with his prosecution in state court,
and seeks to proceed <u>in forma pauperis</u>. For the following
reasons, the Court will grant plaintiff leave to proceed <u>in forma
pauperis</u> and dismiss his complaint pursuant to 28 U.S.C. §
1915(e)(2)(B).

**I.    FACTS[1]**

        Plaintiff's claims arise out of his arrest and prosecution
in Delaware County. Plaintiff was arrested for retail theft on
September 1, 2012 and incarcerated. The next day, he was charged
with retail theft and given a preliminary arraignment. <u>See</u> MJ-
32130-CR-0000179-2012. It appears that Plaintiff was held in
prison because he was unable to post bail. <u>See id.</u> The charge

---

        [1]The following facts are taken from Plaintiff's complaint,
exhibits attached to the complaint, and the publicly available
records of the criminal proceedings in Delaware County underlying
Plaintiff's claims. <u>See</u> CP-23-CR-0006488-2012; MJ-32130-CR-
0000184-2012; MJ-32130-CR-0000179-2012.

against plaintiff was dismissed at a preliminary hearing on September 10, 2012.  See id.  However, Matthew Sprague, the prosecutor assigned to the case, recharged Plaintiff in a complaint dated September 11, 2012.  MJ-32130-CR-0000184-2012.

On September 17, 2012, Plaintiff was arraigned on the new criminal complaint and bail was set.[2]  In his federal complaint, Plaintiff alleges that he was improperly held in prison from September 10, 2012 through September 17, 2012, because he was not rearrested on the new charge or "given notification of the new rearrest."  (Compl. ¶ II.D.)  He also asserts constitutional violations based on his allegation that he was not arraigned on the new charge in a timely manner or "remade bailable" during that time.  (Id. (parentheticals omitted).)  Plaintiff seeks damages from Sprague and Sprague's supervisor, because the supervisor "allow[ed] the procedure to take place."[3]  (Id.)

## II.  STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the criteria set forth in  28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the complaint if, among other things, it fails to state a claim or seeks monetary relief from an immune defendant.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to

_____

[2]According to the public docket, plaintiff later pled guilty to the charge.  See CP-23-CR-0006488-2012.

[3]The Court understands the word "superviewer" as used in the complaint to mean supervisor.

2

motions to dismiss under Federal Rule of Civil Procedure
12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.
1999), which requires the Court to determine whether the
complaint contains "sufficient factual matter, accepted as true,
to state a claim to relief that is plausible on its face."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).
The Court may also consider matters of public record.  Buck v.
Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  As
Plaintiff is proceeding pro se, the Court must construe his
allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339
(3d Cir. 2011).

## III. DISCUSSION

    "In Pennsylvania, the responsibility for arranging the times
for the preliminary arraignment, as well as the preliminary
hearing, and giving notice rests not on district attorneys, but
on magistrates.  It is the minor judiciary that controls those
proceedings."  Sands v. McCormick, 502 F.3d 263, 271 (3d Cir.
2007).  Accordingly, Plaintiff's allegations that he did not
receive notice of the new charge or a timely arraignment do not
amount to constitutional violations by Sprague or his supervisor.
See Vangerve v. Pennsylvania, 10-2581, 2011 WL 2326970, at *7 n.5
(E.D. Pa. 2011).  Furthermore, to the extent that Plaintiff
suggests his Fourth Amendment rights were violated when he was
held pursuant to the new charge, his claim fails because nothing
in the complaint suggests that probable cause was lacking for his
initial detention.  See Stewart v. Abraham, 275 F.3d 220, 228-29

3

& n.4 (3d Cir. 2001).

Assuming that Sprague could be considered responsible for ensuring that Plaintiff received notice and a timely arraignment on the new charge, he is entitled to prosecutorial immunity. A prosecutor is absolutely immune from liability for damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating and pursuing a criminal prosecution." Imbler v. Pachtman, 424 U.S. 409, 410 & 430-31 (1976); see also Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002). Here, Plaintiff seeks damages from Sprague because, in the course of prosecuting Plaintiff, Sprague allegedly failed to provide him with certain constitutional protections. As the manner in which Sprague handled Plaintiff's prosecution is intimately associated with the judicial phase of the criminal process, Sprague is entitled to absolute immunity. See Odd v. Malone, 538 F.3d 202, 211 (3d Cir. 2008) (observing that, in general, "the period during which prosecutors are most likely functioning in a 'quasi-judicial' capacity is the time between indictment and dismissal, acquittal, or conviction") (footnote omitted). Furthermore, the complaint's vague allegation that Sprague's supervisor "allow[ed] this procedure to take place" is insufficient to support a constitutional claim. See Argueta v. U.S. Immigrations & Customs Enforcement, 643 F.3d 60, 70-73 (3d Cir. 2011) (describing pleading requirements for supervisory liability).

A district court should generally provide a pro se plaintiff

4

with leave to amend unless amendment would be inequitable or futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because it is apparent that Plaintiff is attempting to hold Sprague and his supervisor responsible for matters that were not their responsibility.  Accordingly, Plaintiff will not be permitted to file an amended complaint.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's complaint is dismissed.  An appropriate Order follows.

5